## VOSE *a.* GALPEN.

*Supreme Court, First District; Special Term, April,* 1864.

PLEADING IN ACTION BETWEEN TRUSTEES.—COUNTER-CLAIM.—
ACCOUNTING.

In an action by one of several trustees against the others, in which he alleges a
breach of trust, and asks their removal and the appointment of new trustees
in place of them, they may set up as a counter-claim, that the plaintiff has
been guilty of breaches of trust, by violations of the same trust instrument,
and demand that he account, and may also demand his removal.
One trustee may call upon his co-trustee to account, by an action.

Demurrer to answer.

In this action, when it came up upon this demurrer, Francis
Vose was the plaintiff, and Horace Galpen and eight others
were defendants.

The complaint set forth substantially as follows: That the de-
fendants, together with the plaintiff, became trustees under an
agreement, dated October 3, 1861, to carry its provisions into ef-
ect for the benefit of the plaintiff, and other bondholders, who
were creditors and *cestuis que trust.* The plaintiff sued for him-
self and such other bondholders, whom he claimed to represent.
It further alleged that in pursuance of a combination among
the defendants to misappropriate the trust-property in violation
of their duty as trustees, they had 1st, without right, assumed
to eject the plaintiff from his position as trustee; and, 2d, were
meditating a transfer of the trust-property to uses wholly at
variance with the trust. It therefore alleged a loss of confi-
dence in the defendants as trustees, and prayed their removal
from office as such, and the appointment of new trustees to
carry out the objects of the trust, and the annulling of their
illegal acts already consummated, and an injunction against
the further illegal acts alleged to be meditated by them.

The complaint originally put in, in the action, named certain
of the *cestuis que trust* as plaintiffs with the plaintiff Vose, who

was a trustee, and also a *cestui que trust.* The defendants interposed a counter-claim to the same effect as that hereinafter stated; and plaintiff's demurrer to it, which turned chiefly on the effect of such a counter-claim where parties not trustees were joined as co-plaintiffs, was sustained at special term, by Mr. Justice James; but no written opinion was delivered.

Subsequent to the decision on that demurrer, the plaintiff's attorneys amended their complaint so as to name Vose, the trustee, as sole plaintiff, and alleging the cause of action as above set forth.

To this amended complaint the defendants put in an answer, which, in substance:

1st. Denied the alleged interest of Vose, as a bondholder entitled to the benefit of the trust-fund.

And then set up as counter-claims:

2d. That the plaintiff Vose, while acting as trustee, had received money and other property belonging to the bondholders generally, and had neglected and refused to pay over the same upon request; and the defendants therefore demanded judgment against the plaintiff, that he account to the court; and that an accounting be taken of all persons entitled to share in the fund, and that plaintiff be adjudged to pay the same into court, to be distributed among the persons so entitled to share.

3d. As a further counter-claim; that the plaintiff had committed certain specified hostile, corrupt, and fraudulent acts, to the detriment of the defendants and *cestuis que trust;* and demanded that he be removed from his office as trustee under said agreement, and be perpetually enjoined from acting as trustee.

To these counter-claims the plaintiff demurred.

*Joseph H. Choate,* in support of demurrer.—I. The action not being upon contract, but one strictly of equitable cognizance, no counter-claim can be sustained under the second clause of section 150 of the Code; besides, neither of the alleged counter-claims are in their nature actions upon contract, which is also requisite under that clause. If sustainable at all, therefore, they must be under the first clause of section 150,

as "causes of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." The "subject of the action," in other words the transaction which is alleged as the foundation of the plaintiff's claim, in this case, is the defendants' violation of their duty as trustees, and the claim is to have them removed therefor. 1. The Code in allowing counter-claims in actions of this character, has adopted substantially and almost literally the rule in regard to filing cross-bills under the former chancery practice. The cross-bill could only relate to matter touching the matter in the original bill. It could not embrace new and distinct matter not embraced in the original bill; and if it did, no decree could be founded on such new matter. (Galatian *a.* Erwin, *Hopk.*, 58; S. C., on appeal, 8 *Cow.*, 361; 2 *Barb. Ch. Pr.*, 127; Burns *a.* Nevins, 27 *Barb.*, 493; Diddell *a.* Diddell, 3 *Abbotts' Pr.*, 167.) 2. As to the first counter-claim it is simply a money demand against the plaintiff, and it does not in any manner arise out of the defendants' derelictions of duty, or have any connection with that which was the subject of the action. It does not "*touch*" the matter of the original bill, but it is new, and entirely distinct from it; should the original action be sustained, human ingenuity could contrive no way of engrafting this counter-claim upon the decree. The decree would be the removal of the defendants from the office of trustee; and that shows what the subject of the action is. 3. The second counter-claim is no more in place. It prays for the removal of the plaintiff from his office of trustee, on facts wholly new and distinct from the allegations of the bill. His alleged defaults and misdeeds have no connection with or relation to those charged by him upon the defendants. They are wholly irrelevant and distinct "transactions."

II. The first counter-claim does not state any cause of action in favor of the defendants against the plaintiff.

*F. N. Bangs*, for the defendants.—I. The facts alleged in the second answer constitute a good cause of action, by *cestuis que trust*, to remove a delinquent trustee.

II. The facts alleged in the first answer constitute a good cause of action, by *cestuis que trust*, that a delinquent trustee account.

III. Those two causes of action are proper subjects of counter-claim in this action. 1. The causes of action, and of counter-claim, arise between and equally affect the same parties, between whom a several judgment may be rendered in the action. 2. The causes of action, and of counter-claim, arise " out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or (are) connected with the subject of the action,"—that is to say, they arise out of the trust agreement, the relation of trustee and *cestui que trust*, and the acts done in execution, or under color, or in violation of, the trust, or connected therewith,—which are the foundation of, or connected with the action. (*Code*, § 150.) 3. In a suit by one trustee (who is also a *cestui que trust*) to remove a co-trustee (who is also a *cestui que trust*), the latter (by way of counter-claim) may show the delinquency of the former, and the judgment may remove both or either. And an accounting is a necessary incident of such a judgment. 4. And in such a suit, the defendant may show pecuniary breaches of trust on the part of the plaintiff, and require him to account, whether his removal is sought or not. 5. Turning the case round,—if the defendants had in a complaint alleged the matters contained in their answer,—and had asked for an account by, and the removal of Vose,—he could have set up the matters in his complaint by way of counter-claim, and could ask for an account by, and removal of the adverse parties. 6. The general principle is, that the cause of action in the complaint, and that in the counter-claim, shall have such identity, relation, or likeness to each other, that they may fitly be tried and determined in one action. The counter-claims demurred to clearly fall within this principle.

MARVIN, J.—The plaintiff charges his co-trustees with breaches of trust, and demands that they be removed. His co-trustees counter-claim that he has been guilty of breaches of trust, and they demand his removal; they also demand that he account. A demurrer is interposed to these answers of counter-claim. I have come to the conclusion that the demurrers are not well taken. The parties who are trustees, became such under an agreement containing many provisions, some of which, the plaintiff alleges, have been broken by the defendant-trustees,

and they allege that the plaintiff has broken some of the provisions. If these allegations are true, the proper judgment may be a removal of the defendants and the plaintiff from the trusts assumed by them under the agreement, and the appointment of other trustees in their place.

It is not a case of recoupment, as the one cause of action will not compensate the other, or affect it in any degree. But in my opinion the breaches of trust by the plaintiff, are connected with the subject of the action. They are the breaches of the same trusts which the plaintiff alleges the defendants broke; and these trusts were imposed by the same contract, to which the plaintiff and defendants were parties.

One trustee may call upon his co-trustee to account, in a proper case, and it may be necessary that he should do so for his own protection. This right to an account grows out of the relation between the parties as trustees, in this case created by the agreement, and connected with the subject of the action. Generally, trustees are not liable for each other's acts, but in case of culpable negligence, &c., they may be liable, and it may be important for their own protection, that they should protect the trust-property, and require an account from co-trustees, and an execution of the trust.

If any of these trustees are to be removed for breaches of trust, it seems to me that they have a right to have the accounts taken so far as to ascertain their own liabilities for each other's acts.

Upon the whole, I have concluded to overrule the demurrer to both answers.